# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES J. SCHENECKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. Case No. 05-0331-CV-W-NKL |
| | ) | Crim. Case No. 02-0268-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Charles Schenecker's ("Schenecker") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies Schenecker's Motion.

**I.  Background**

   **A.  Schenecker's Indictment and Sentence**

The grand jury returned a five-count Superseding Indictment against several defendants, including Schenecker, in January 2003 [Doc. # 78]. Schenecker was charged only under Counts One and Four. Under Count One, the Government alleged that Schenecker and the other defendants conspired to manufacture and distribute methamphetamine. Under Count Four, the Government alleged that Schenecker knowingly and intentionally possessed anhydrous ammonia, a product that can be used to manufacture methamphetamine.

On November 6, 2003, Schenecker appeared before the Court for a Change of Plea

1

Hearing. Schenecker pleaded *nolo contendere* to Count Four of the Superseding Indictment [Doc. # 199]. In exchange, the Government dropped the charges against Schenecker that had been filed under Count One.

After Schenecker entered his plea, the Probation Office prepared its Pre-Sentence Investigation Report ("PSIR") regarding Schenecker's offense. The PSIR attributed 869.36 kilograms of methamphetamine to Schenecker because that was the amount attributed in Count One of the Superseding Indictment; this attribution put Schenecker's initial offense level at 30 under the federal sentencing guidelines. Schenecker received a four-level deduction under section 3B1.2(a) because he played a minimal role in the offense, thereby reducing his offense level to a 26. The PSIR recommended that Schenecker's offense level be a 26 at the sentencing hearing.

The Court conducted Schenecker's sentencing hearing on April 14, 2004 [Doc. # 236]. Schenecker's counsel at the sentencing hearing did not object to the factual findings in the PSIR nor did he object to the sentencing recommendation set out in the PSIR. The Court gave Schenecker a two-point reduction in his offense level for his acceptance of responsibility, thereby making his offense level a 24 under the guidelines. The range of imprisonment for an offense level 24 with a criminal history category of I is 51 to 63 months. The Court denied Schenecker's motion for downward departure due to his health problems and sentenced him to 51 months of confinement.

**B.     Schenecker's Pending Motion**

Schenecker alleges four grounds for relief in his pending motion. First,

Schenecker alleges that the Court's reliance on the PSIR's attribution of the 869.36 kilograms of methamphetamine to Schenecker constitutes a sentencing enhancement in violation of the rule espoused in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Second, Schenecker argues the rule espoused in those cases should be applied retroactively. Third, Schenecker alleges the sentencing enhancement was "a structural defect in the proceedings within the meaning of *Brecht v. Abrahamson* that entitles petitioner to relief and makes his claim justiciable before this Court." Finally, Schenecker alleges his counsel provided ineffective assistance when he failed to raise the *Blakely* and *Booker* challenges to the sentencing enhancement based on the amount of methamphetamine attributed to Schenecker in the PSIR. Schenecker also alleges his counsel was ineffective when he did not object to the attribution of the methamphetamine amount to Schenecker.

## II.    Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Schenecker's claims can be fully and fairly evaluated on the existing

3

Case 4:02-cr-00268-NKL   Document 244   Filed 08/04/05   Page 3 of 9

record and no evidentiary hearing is necessary.

### III. Discussion

#### A. Retroactive Application of *Blakely* and *Booker*

In his Motion, Schenecker argues the Court should retroactively apply the rule pronounced in *Blakely* and *Booker* to his sentence. This Court has already held that *Blakely* and *Booker* will not be applied retroactively because neither case altered substantive rights or constituted a watershed rule of criminal procedure. The Court's conclusion regarding the retroactivity of *Blakely* and *Booker* is consistent with the developing jurisprudence on this issue. *See Bishop v. United States*, 2004 WL 2516715 (S.D. N.Y. Nov. 8, 2004); *Lilly v. United States*, 342 F. Supp. 2d 532 (W.D. Va. 2004); *United States v. Phillips*, 2004 WL 2414819 (D. Ore. Oct. 26, 2004); *United States v. Falodun*, 2004 WL 2397612 (D. Minn. Oct. 25, 2004); *United States v. Quintero-Araujo*, 343 F. Supp. 2d 935 (D. Idaho 2004); *Carbajal v. United States*, 2004 WL 2283658 (S. D. N.Y. Oct. 8, 2004); *United States v. Dillon*, 339 F. Supp. 2d 1155 (D. Kan. 2004); *United States v. Cino*, 340 F. Supp. 2d 1113 (D. Nev. 2004); *Morris v. United States*, 333 F. Supp. 2d 759 (C.D. Ill. Sept. 1, 2004); *Lloyd v. United States*, 407 F.3d 608, 614 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139, 143-33 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United*

*States*, 397 F.3d 479, 481 (7th Cir. 2005), *cert. denied*, 125 S. Ct. 2559 (2005).

### B. Structural Defect

Schenecker alleges he should be entitled to raise his *Booker* challenge even though it was not procedurally preserved because of "a structural defect within the meaning of *Brecht v. Abrahamson*." Under the rule espoused in *Brecht* by the Supreme Court, "structural errors" during the course of a trial require automatic reversal because they "call into question the very accuracy and reliability of the trial process and thus are not amenable to harmless error analysis . . . ." *McGurk v. Stenberg*, 163 F.3d 470, 474 (8th Cir. 1998) (citing *Brecht*, 507 U.S. 619, 629-30 (1993)).

Although Schenecker raises *Brecht* as an independent ground for relief, he does not outline why the Court's attribution of the methamphetamine amounts constitutes a structural defect that warrants automatic reversal. Moreover, Schenecker does not offer any authority to suggest that *Brecht* is applicable to a sentencing hearing under the federal sentencing guidelines. In fact, case law from the Eighth Circuit suggests that calculations of sentences are not subject to the structural defect analysis that would require automatic reversal. The Eighth Circuit stated: "In its most comprehensive discussion of 'structural' errors, the [Supreme] Court identified a list of errors that defy harmless error review: the complete denial of counsel, a biased judge, racial discrimination in jury composition, denial of a public trial, and a defective jury instruction on the reasonable-doubt standard of proof." *Becht v. United States*, 403 F.3d 541, 547 (8th Cir. 2005). Thus, it appears that the "structural defect" provision averred by Schenecker is not applicable to his

sentencing proceeding and, instead, is limited to the context of trials. Therefore, the Court will deny this ground for relief.

### C. Schenecker's Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, a movant must satisfy a two-part test. First, the movant must prove that his counsel's representation was deficient, and second, that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A counsel's performance is deficient if he or she "failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (internal quotation omitted). The prejudice component "focuses on the question [of] whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* Further, "when considering whether the defense suffered prejudice, a court must determine whether there is a reasonable probability (sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (internal quotation omitted). This two-part test also applies where a defendant challenges a guilty plea based on the counsel's purported ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

### 1. *Booker and Blakely*

To the extent that Schenecker argues that his counsel was deficient because he did not object to the Court's sentencing under *Blakely* or anticipate an extension of the ruling in *Apprendi*, that claim must fail.

The Court sentenced Schenecker in April 2004, but *Blakely* was not issued until June 2004. As a general rule, an attorney's failure to predict or anticipate changes in the law cannot support a claim for ineffective assistance of counsel.[1] *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (citations omitted); *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996); *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law."). With the benefit of hindsight, courts can now look at *Blakely* and view it as a logical extension of the holding in *Apprendi*. However, at the time of Schenecker's sentencing in April 2004, courts uniformly held a different view of sentencing enhancements and it would have been virtually impossible for Schenecker's counsel to anticipate the ruling in *Blakely*. Given the circumstances at the time of Schenecker's sentencing, it was not error for his counsel to fail to anticipate the Supreme Court's pronouncement in *Blakely*.

Other courts have held that an attorney's failure to anticipate *Blakely* did not

---

[1]Similarly, Schenecker's counsel was not deficient because he did not predict the Supreme Court's subsequent holding in *United States v. Booker*, which was a follow-up case to the Court's *Blakely* decision. 125 S. Ct. 738 (2005).

7

constitute ineffective assistance of counsel. *Campbell v. United States*, 2004 WL 1888604 at **3, No. 02-2387 (1st Cir. Aug. 25, 2004), *cert. denied*, 125 S. Ct. 1690 (2005) ("counsel's failure to anticipate *Blakely* would not constitute unreasonable performance under *Strickland*"); *Thomas v. United States*, 2004 WL 2898075 at *2; No. 04-243-P-H (D. Me. Dec. 14, 2004) ("[C]ounsel's failure to raise this then nonexistent *Blakely* ground or to seek appeal on this ground does not fall below an objective standard of reasonableness so as to constitute ineffective assistance of counsel"); *United States v. Davis*, 348 F. Supp. 2d 964 (N.D. Ind. (2004); *Aird v. United States*, 339 F. Supp. 2d 1305, 1312 (S.D. Ala. 2004).

The Court finds that Schenecker's counsel's performance was not deficient. Because Schenecker's attorney acted reasonably with respect to his sentencing hearing, Schenecker cannot satisfy the first prong of the *Strickland* analysis set forth above and his claim for ineffective assistance of counsel must fail.

### 2.  *Failure to Object*

Schenecker also argues that his counsel was ineffective because he did not object at the sentencing hearing to the Court's attribution of the methamphetamine amount to Schenecker's sentence. Schenecker, however, does not explain the grounds for making an objection to the drug quantity calculation contained in the pre-sentence report, apart from the *Booker* and *Blakely* issue. He has, therefore, failed to show how his prior attorney was negligent for failing to object. Nor has he shown that there was a reasonable probability that the outcome of his sentence would be different if his counsel had objected

8

to the drug quantity.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Schenecker's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATED: August 4, 2005
Kansas City, Missouri